# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:11-cr-00056-MR

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| TARANCE JAVON ROSEBORO, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's *pro se* request for sentencing transcripts [Doc. 35].

In his motion, the Defendant requests that the Court provide him a copy of his sentencing transcript at the Government's expense pursuant to the Freedom of Information Act.

The Defendant's request is denied. The Defendant entered into a plea agreement in this case pursuant to which he agreed to waive "all rights, whether asserted directly or by a representative, to request or to receive from any department or agency any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a." [Doc. 10 at ¶ 20]. This waiver thus precludes

the pending motion.  See United States v. Lucas, 141 F. App'x 169, 170 (4th Cir. 2005) (per curiam).[1]

Moreover, the Defendant currently has no motions pending before the Court and has failed to demonstrate a particularized need for the requested transcript.  See United States v. MacCollom, 426 U.S. 317, 326-27 (1976) (holding that federal inmates are not entitled to transcripts at Government expense absent some showing of a particularized need); Jones v. Superintendent, Va. State Farm, 460 F.2d 150, 152 (4th Cir. 1972) ("[A]n indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw.") (citation omitted).  Having failed to demonstrate a particularized need for the requested transcript, the Defendant's motion must be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's *pro se* request for sentencing transcripts [Doc. 35] is hereby **DENIED**.

**IT IS SO ORDERED.**

Signed: September 15, 2016

Martin Reidinger
United States District Judge

---

[1] In any event, federal courts are expressly excluded from the definition of "agency" for purposes of FOIA and Privacy Act disclosure requirements.  5 U.S.C. § 551(1)(B); Gayle v. Johnson, 275 F. App'x 211, 212 n.1 (4th Cir. 2008) (per curiam); Sheppard v. Revell, No. 5:09-CT-3044-FL, 2010 WL 3672261, at *4 (E.D.N.C. Sept. 20, 2010).